IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Genuine Truth Banner, | Case No.: 6:23-cv-03256-JD-KFM |
| Petitioner, | |
| vs. | **OPINION AND ORDER** |
| Terri Wallace, | |
| Respondent. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1]  (DE 13.)  Petitioner Genuine Truth Banner ("Petitioner" or "Banner"), proceeding *pro se,* filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 action against respondent Terri Wallace ("Respondent"). Petitioner seeks to have his convictions and sentences for bank robbery, two counts of armed robbery, possession of a weapon during the commission of a violent crime, and five counts of kidnapping vacated (DE 1).  The Petitioner is serving concurrent twenty-year sentences (with the possession of a weapon during a violent crime sentence set at five years) for bank robbery, two counts of armed robbery, possession of a weapon during the commission of a violent crime, and five counts of kidnapping.  (DE 13.)

The Magistrate Judge reviewed the petition under the Rules Governing Section 2254 Cases in the United States District Courts; the Anti-Terrorism and Effective Death Penalty Act of 1996

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The Report indicates that Petitioner has several actions pending.

> The petitioner filed a post conviction relief ("PCR") action in the Spartanburg County Court of Common Pleas on April 10, 2018. (Citation omitted.) In his PCR, the petitioner asserted several grounds for relief, including ineffective assistance of counsel ("IAC") based upon failure to provide the petitioner with his discovery and failure to subpoena witnesses for a suppression motion, as well as that the search of the petitioner was illegal and his Miranda rights were violated by the arresting officer.

(DE 13, p. 2.) The Report also indicates that,

> On December 12, 2022, the petitioner instituted a habeas action in this court at Case Number 6:22-cv-04475-JD-KFM ("Habeas Number 1"). In that petition, ground one for relief was a due process violation by the trial judge based upon his decision to deny the petitioner's suppression motion. Banner v. Wallace, C/A No. 6:22-cv-04475-JD-KFM, at doc. 1 pp. 6–8 (D.S.C.). Ground two for relief in Habeas Number 1 was IAC for failure to call witnesses during the suppression motion, failure to provide the petitioner with his full discovery, failure to challenge jurisdiction because the petitioner was in the Navy, failure to inform the petitioner that pleading guilty waived his ability to appeal the outcome of the suppression motion, failure to file an appeal, and failure to notice or object to the lack of indictments to support the petitioner's convictions. Id. at doc. 1 pp. 8–9.

(Id. at 3.) At any rate, on July 10, 2023, Petitioner filed a second habeas petition (DE 1). Petitioner claims in ground one that his indictments were not valid when he entered his "as indicted" plea (id. at 6). Petitioner's second ground for relief is IAC for failing to challenge the lack of indictments (id.). For relief, Petitioner seeks to vacate his convictions (id. at 7). Petitioner contends that the instant grounds for relief are brought in a second habeas action, not Habeas Number 1, because of newly discovered evidence that the indictments did not exist when the petitioner pleaded guilty (DE 1-1).

The Report was issued on August 18, 2023, recommending dismissal of the Petition without prejudice because this matter is duplicative of Habeas Action Number 1, which remains pending for now, and Petitioner's other grounds are not cognizable in federal habeas corpus actions. (DE 13.) Petitioner objects to the Report. (DE 17.)

Even though Petitioner has objected to the Report (DE 17), to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). Absent specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner raises two objections. First, Petitioner objects to the Report's "claim that the instant action is duplicative of Habeas Number 1." (DE 17, p. 1.) Next, Petitioner objects to the Report's recommendation that he "failed to state a claim." (DE 17, p. 2.) To begin with, the Report ably and comprehensively identifies the standard this court applies for a habeas petition. Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication,

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 101–02 (2011) (internal citation omitted). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

That said, Petitioner's objections fail to meet this standard. To begin with, Petitioner concedes there is some overlap with his IAC claims, but he believes new claims were being litigated in State court, which is now decided. Even so, Petitioner argues that he pleaded guilty to charges "as indicted," but no valid indictments existed (DE 1, p. 6), which he claims are not valid. As correctly noted in the Report,

> This ground for relief, however, lies in state law and procedure and, as such, is not cognizable under § 2254. '[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.' (Citation omitted). 'The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' Id. (quoting 28 U.S.C. § 2254(a)). '[F]ederal habeas corpus relief does not lie for errors of state law.' (Citation omitted). Further, the petitioner cannot manufacture a federal habeas claim based on state law and procedure by alleging that the violations were of his federal due process rights. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(holding that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.').

(DE 13, p. 6.) As for Petitioner's claim that this matter is not duplicative of Banner v. Wallace, C/A No. 6:22-cv-04475-JD-KFM (D.S.C.), the Court disagrees. In Habeas Number 1, the

4

respondent has moved for summary judgment, which remains pending. As discussed here, Petitioner argues that his convictions and sentences for bank robbery, two counts of armed robbery, possession of a weapon during the commission of a violent crime, and five counts of kidnapping equally should be vacated – as argued in Habeas Number 1. As a result, this action is duplicative of Habeas Number 1 in that Petitioner has a chance to seek amendment of his petition to assert additional grounds in Habeas Number 1. Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. See Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). So, Petitioner's objection is overruled.

As a result, Petitioner has not shown an unreasonable application of federal law. Accordingly, after a thorough review of the Report and Recommendation and the record, the Court adopts the Report (DE 13) and incorporates it by reference as modified here.

It is, therefore, **ORDERED** that Petitioner's habeas petition (DE 1) is dismissed without prejudice, without leave to amend, and without issuance and service of process. See Britt v. DeJoy, 49 F.4th 790 (4th Cir. 2022). Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

    **IT IS SO ORDERED**.


                                                    Joseph Dawson, III
                                                    United States District Judge

Florence, South Carolina
October 12, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

6